IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-00024-WYD-CBS

MODIS, INC.

        Plaintiff,

v.

TIMOTHY GLENNIE; and
BRIDGEVIEW IT, INC.,

        Defendants.

---

## STIPULATED PROTECTIVE ORDER

      Because information that may be produced or obtained in this action may be of a confidential nature, including non-public financial and business information and because disclosure of such information may cause harm, including, but not necessarily limited to, competitive harm to the disclosing party, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED that:

      The Parties agree to be bound by the terms of this Protective Order as of the date of its execution by counsel for all Parties, even though the Protective Order will not have been entered by the Court as of that date; provided, however, that, in the event that the Court declines to enter into this Protective Order, the Parties' agreement to be bound by its terms shall no longer be in effect and all documents shall be immediately returned to the producing party unless and until another protective order is entered.

      2.    This Protective Order governs the handling of all information or materials produced by or obtained from any party, directly or pursuant to authorization, in connection with

{00190020.DOC}

the above-captioned action and designated as "Confidential" or "Highly Confidential" as set forth below, including, without limitation (a) documents (as defined in Rule 34 of the Federal Rules of Civil Procedure), exhibits, answers to interrogatories, responses to requests for admissions, deposition transcriptions, and all written, recorded, graphic, or electronically-stored matters (and all identical and non-identical copies thereof); (b) any copies, notes, abstracts, excerpts, or summaries of such information, and the information itself; and (c) any pleading, affidavit, declaration, brief, motion, transcript, or other writing containing such information (collectively, "Information").

## Confidential Information

3.  Any party may designate as "Confidential" any Information that: (a) the party in good faith believes constitutes private commercial or competitive Information not publicly available; (b) the party in good faith believes constitutes private Information not publicly available; or (c) the party in good faith and on reasonable grounds does not wish to have disclosed to third parties. Designation of any Information as "Confidential" renders confidential any copies, excerpts, summaries, quotations, or paraphrases thereof.

4.  Information may be designated as "Confidential" as follows:

   (a)   Any document containing such Information may be stamped or labeled "Confidential" or, when stamping or labeling is not practical, may be separately designated in writing by description or document identification number. Information contained in answers to interrogatories or requests for admissions, or any other written discovery information, may be similarly designated in writing;

   (b)   Information contained in deposition testimony or documents disclosed at a deposition may be designated as "Confidential" either orally on the record or in writing within

{00190020.DOC}                                  2

ten (10) business days after the transcript is made available to the designating party. All Information disclosed during a deposition shall be deemed "Confidential" until the expiration of that period, whether or not any portion of the transcript has been so designated previously;

(c) If a witness at a deposition is examined concerning any document previously designated as "Confidential" and if any part of the examination discloses the contents of such document, the portion of the transcript containing such examination automatically shall be designated as "Confidential," and the party that produced the document shall not be required to make any designation on the record; and

(d) Information produced by a non-party in the course of this action may be designated as "Confidential" by the non-party or by a party to protect its own confidentiality rights with respect to the Information. Information produced by a non-party may be designated as "Confidential" by written notice to the non-party and other parties within ten (10) business days of production.

5. All Information designated as "Confidential" ("Confidential Information") shall be subject to this Protective Order and shall be used solely for purposes of litigating this action and shall not be used, directly or indirectly, by parties, counsel, or non-parties receiving it for, or in connection with, any other purpose of any kind, including but not limited to any commercial use or any other legal proceedings.

6. Confidential Information shall not be disclosed, repeated, copied, given, shown, made available, or communicated in any way to anyone other than the following persons to whom it is necessary that such Information be given for the purposes permitted in paragraph 5 above:

{00190020.DOC}                                     3

(a)  this Court (and before the Court at hearing or trial as necessary to question witnesses, subject to the requirement that the parties move to seal the exhibit and testimony) and Court personnel in connection with this litigation;

(b)  qualified court reporters taking testimony in this litigation;

(c)  the named parties and their personnel who are actively involved in or assisting in this litigation, and any employees of the parties' parent or subsidiary corporations who are actively assisting a party in the prosecution or defense of this litigation but who will not use Confidential Information for any other purpose;

(d)  outside counsel of record for any party, their associated attorneys and other employees of their law firms assisting in this litigation; and

(e)  third-party consultants and experts retained by any party or its attorneys of record in this litigation who have agreed, in a written and signed certification in the form of Exhibit A hereto, to be bound by the terms of this Protective Order.

Confidential Information may be used during depositions of party or non-party witnesses taken in this action, subject to the following conditions:

(a)  Only persons authorized under paragraph 6 above may be in attendance at the portion of the deposition during which the Confidential Information is used; and

(b)  If the witness is not the designating party or a representative of the designating party, the witness agrees on the record that Confidential Information will not be disclosed, repeated, given, shown, made available, or communicated in any way to anyone outside the scope of the deposition.

8.  Any summary or abstract of any Confidential Information shall bear an appropriate legend and shall be subject to the terms of this Protective Order to the same extent as

{00190020.DOC}                                              4

the Information summarized or abstracted.

9.     A party may object to the designation of particular Information as "Confidential" by giving written notice to the party designating the disputed Information. The written notice shall identify the Information to which the objection is made. If the parties cannot resolve the objection within three (3) business days after the time the notice is received, it shall be the obligation of the party designating the Information as "Confidential" to file an appropriate motion requesting that the Court determine whether the disputed Information should be subject to the terms of this Protective Order. Such motion shall be filed no later than five (5) business days after the time the notice was first received. If such a motion is timely filed, the disputed Information shall be treated as claimed by the producing party, i.e., "Confidential," under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, disputed Information sought to be treated as "Confidential" shall lose its designation as "Confidential" and shall not thereafter be treated as "Confidential" in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the Information as "Confidential" shall bear the burden of establishing that good cause exists for the disputed Information to be treated as "Confidential."

10.    Whenever a party wishes to file with the Court any document including pleadings, motions, and other papers, containing or revealing Information that any producing party has designated as Confidential Information, the filing party shall file a motion to seal. All documents, including pleadings, motions, and other papers that are filed under seal with the Court shall be filed and kept under seal until the Court rules on the motion to seal. Where possible, only those portions of filings with the Court that contain or reveal Confidential Information shall be filed under seal.

1    Nothing herein shall prevent any of the parties from seeking further protection with respect to the use of any Confidential Information in connection with any hearing or trial in this litigation. Means to preserve the confidentiality of Information presented at the preliminary injunction hearing or trial of this matter shall be considered and implemented prior to the beginning of such trial. Confidential Information that is not received into evidence at trial shall retain its "Confidential" status under this Protective Order.

### Redacted Documents

12.    To provide additional protection, the party producing the Information may redact (A) the name of (i) any contact person employed, directly or indirectly, by a customer or potential customer of the producing party, (ii) any consultant whom the producing party has assigned, or attempts to assign, to work on any project for a customer or potential customer, or (B) data identifying (i) a customer's bill and pay rates; (ii) compilations of proprietary information about a customer or customers (provided the categories of data are provided and/or a printout of the applicable computer screens identifying headings or types or information therein) (the foregoing shall hereinafter be referred to collectively as "Redacted Documents"). Redacted Documents may be designated as "Confidential."

### Nonredacted Documents - Highly Confidential Information

13.    In the event that a party produces Redacted Documents, it shall also produce copies of each such document in nonredacted form. Any such Nonredacted Documents shall be deemed to be "Highly Confidential" Information.

14.    All Highly Confidential Information shall be subject to this Protective Order and shall be used solely for purposes of litigating this action and shall not be used, directly or indirectly, by parties, counsel, or non-parties receiving it for, or in connection with, any other

{00190020.DOC}    6

purpose of any kind, including but not limited to any commercial use or any other legal proceedings.

15. Highly Confidential Information shall not be disclosed, repeated, copied, given, shown, made available, or communicated in any way to anyone other than the following persons to whom it is necessary that such Information be given for the purposes permitted in paragraph 14 above:

   (a) this Court (and before the Court at hearing or trial as necessary to question witnesses, subject to the requirement that the parties move to seal the exhibit and testimony) and Court personnel in connection with this litigation;

   (b) qualified court reporters taking testimony in this litigation;

   (c) outside counsel of record for any party, their associated attorneys and other employees of their law firms assisting in this litigation; and

   (d) third-party consultants and experts retained by any party or its attorneys of record in this litigation who have agreed, in a written and signed certification in the form of Exhibit A hereto, to be bound by the terms of this Protective Order.

16. Highly Confidential Information may be used during depositions of party or non-party witnesses taken in this action, subject to the following conditions:

   (a) Only persons authorized under paragraph 15 above may be in attendance at the portion of the deposition during which the Highly Confidential Information is used;

   (b) If the witness is not the designating party or a representative of the designating party, the witness agrees on the record that Highly Confidential Information will not be disclosed, repeated, given, shown, made available, or communicated in any way to anyone outside the scope of the deposition; and

{00190020.DOC}                                    7

**(c)** Documents or information that was not created, compiled or purchased by the producing party may not be designated as "Highly Confidential." For example, leads lists of third parties in possession of a party may be designated "Confidential" but not "Highly Confidential."

### General Provisions

**17.** Nothing in this Protective Order shall be construed as an agreement to produce particular Information, as an admission of the discoverability, relevance, or admissibility of any particular Information, or as a waiver of any rights to object to the discovery or admissibility of Information or to seek additional protection from the Court.

**18.** Within forty-five (45) days of the conclusion of this litigation by dismissal, final judgment and expiration of the time for appeal, disposition of appeal, or settlement accompanied by dismissal, Confidential and Highly Confidential Information produced in this litigation, including originals, copies, abstracts, or summaries thereof, shall be returned to counsel for the producing party, and no copies thereof shall be retained by any other person, or else the receiving party shall destroy all such Confidential and Highly Confidential Information. In addition:

**(a)** If any Information has been furnished to a testifying or consulting expert, fact witness, or litigation-support provider, the attorney who furnished the Information, or the attorney for the party who furnished the Information, shall notify the recipient that all Information, including abstracts and summaries thereof, designated as "Confidential" must be returned to the producing party within forty-five (45) days of the conclusion of the litigation or, provided the receiving party certifies compliance in writing, destroyed;

**(b)** At the conclusion of this litigation by dismissal, final judgment and expiration of the time for appeal, disposition of appeal, or settlement accompanied by dismissal,

{00190020.DOC}                          8

and upon request by the producing or designating party, counsel for each receiving party shall send to each producing or designating party a certification of its compliance with the requirements of this provision; and

(c) All briefs, pleadings, or other filings with the Court and attorneys' work product which incorporate or disclose Confidential or Highly Confidential Information may remain in the possession of the parties' litigation counsel and need not be destroyed, but shall be maintained in strict compliance with, and shall remain subject to, the terms and conditions of this Protective Order.

19. Nothing in this Protective Order shall be deemed to restrict a party or non-party's use or disclosure of its own Confidential or Highly Confidential Information or information received from any source other than a disclosing party in this litigation. Such use or disclosure shall not waive the protections of this Protective Order and shall not entitle any other party, non-party, or their attorneys to use or disclose such Confidential or Highly Confidential Information, or the contents thereof, in violation of this Protective Order.

20. After the conclusion of this litigation, the provisions of this Protective Order shall continue to be binding, and this Court shall retain jurisdiction over the parties, and any other person who has access to Confidential or Highly Confidential Information, pursuant to this Protective Order, for enforcement of the provisions of this Protective Order unless and until this Protective Order is canceled or otherwise modified by Order of the Court.

21 Nothing within this Protective Order shall prevent the parties hereto from stating additional objections to the production of Information or asserting any other grounds which may exist to prevent disclosure of the Information sought.

22. Any party, on reasonable notice to the others, may apply to the Court to seek to

modify or to supplement the terms of this Protective Order for good cause.

23. The designation by a designating or producing party of any document, thing, or information as Confidential or Highly Confidential Information pursuant to this Order shall be made in good faith to facilitate the pre-trial proceedings, preparation, trial and settlement of this action. Treatment by opposing counsel in conformity with the indicated designation shall not be an admission or agreement by any party that the designated information, in fact or in law, constitutes or contains any private, trade secret or other proprietary or confidential information of any other party.

24. This Order shall apply to all Information regardless of whether such Information was produced prior to or after the entry of this Order.

25. In the event any Information is produced that the producing party later claims is protected by the attorney-client privilege, work product doctrine or other privilege or immunity, the receiving party shall, within five (5) business days of receipt of a written request by the producing party, return the original to the producing party, destroy all copies thereof and delete any copy of the documents, or any portion thereof, from any word processing or data base tape or disk it maintains. Inadvertent production of privileged, work product-protected or immune documents in the course of discovery in this action shall not constitute a waiver of any privilege, work product protection or immunity, either as to the produced document or as to any other documents or communications. Return of Information for which the producing party has asserted a claim of privilege, work-product-protection, or immunity under this paragraph shall be without prejudice to the receiving party's right to seek an order from the Court directing production of the Information on the ground that the claimed privilege, work product protection or immunity is invalid, provided, however, that mere production of the Information in the course

{00190020.DOC}                               10

of this action shall not be a ground for asserting waiver of the privilege, protection or immunity.

26.  If Confidential or Highly Confidential Information in the possession, custody or control of any receiving party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body or any other person or tribunal purporting to have opportunity to seek such Confidential or Highly Confidential Information by discovery request or compulsory process, including private parties, the receiving party to whom discovery request or the process is directed, shall (a) on the fifth business day after receipt thereof, but if possible at least 24 hours before the production required by the process, give written notice by hand or facsimile of such discovery request or process together with a copy thereof, to counsel for the producing party; (b) reasonably cooperate with the producing party to permit the producing party to seek to quash such discovery request or process; and (c) not make production or disclosure of such Confidential or Highly Confidential Information until the producing party consents in writing to production or the receiving party is ordered by a court to produce or disclose such Confidential or Highly Confidential Information, so long as the order is not stayed prior to the date set for production or disclosure.

DATED:_____          BY THE COURT:



_____
Judge/Magistrate Judge

{00190020.DOC}

DATED at Denver, Colorado, this 28th day of February, 2006.

                                                  BY THE COURT:

                                                  *s/Craig B. Shaffer*
                                                  Craig B. Shaffer
                                                  United States Magistrate Judge

STIPULATED:

s/Jeffrey P. Watson                    s/Lawrence M. Zavadil

Jeffrey P. Watson, Esq.                Lawrence M. Zavadil, #19419
Florida Bar No. 0055956                JACOBS CHASE FRICK KLEINKOPF & KELLEY, LLC
COFFMAN, COLEMAN, ANDREWS              lzavadil@jcfkk.com
  & GROGAN, P.A.                       1050 17th Street, Suite 1500
P.O. Box 40089                         Denver, CO 80265
Jacksonville, FL 32203                 303-685-4800
Telephone: 904.389.5161                303-685-4869 (fax)

                                       ATTORNEYS FOR DEFENDANTS

s/Franklin A. Nachman

Franklin A. Nachman, #
DC Box 15
LITTLER MENDELSON
A Professional Corporation
1200 17th Street, Suite 1300
Denver, CO 80202.5835
Telephone: 303.629.6200

ATTORNEYS FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 06-cv-00024-WYD-CBS

MODIS, INC.,

    Plaintiff,

v.

TIMOTHY GLENNIE, and
BRIDGEVIEW IT, INC.,

    Defendants.

## NON-PARTY AGREEMENT TO STIPULATED PROTECTIVE ORDER

    I have read the Stipulated Protective Order entered by the Court in the above-styled action and hereby agree to abide by its terms. I understand that my signature below means that I am subject to the Stipulated Protective Order at all times unless released by the Court. I understand that the Stipulated Protective Order contains confidentiality requirements and obligations that I must adhere to. By signing below, I subject myself to the Court's jurisdiction for purposes of enforcement of the Stipulated Protective Order.

_____
Signature

_____
Print Name

_____
Date